UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DEAN R.  THOMAS, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:01cr70 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Civil Case No. 1:05cv99 |
| | ) | |
|     Respondent. | ) | |

OPINION AND ORDER

This matter is before the court on a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence", filed by the petitioner, Dean R.  Thomas ("Thomas"), on March 18, 2005.  The government responded to the motion on April 4, 2005, to which Thomas initially failed to reply.

On May 16, 2005, this court entered an order denying Thomas' motion.  On May 31, 2005, Thomas filed a "Motion for Reconsideration and for Time to File", seeking an extension of time to file his reply.  The court granted this request and Thomas filed his reply brief on June 29, 2005.

Upon reconsideration of Thomas' Section 2255 motion, the  motion will again be denied.

Discussion

After entering a plea of guilty to mail fraud on or about April 22, 2004, Thomas was sentenced to 24 months imprisonment.  Thomas now claims that he was denied effective assistance of counsel and deprived of his right to a jury trial.  Thomas also asserts a due process claim.

With respect to the ineffective assistance of counsel claim, Thomas alleges that his

counsel failed to include promised language in the plea agreement which would have barred

further prosecution, and that his sentencing attorney did not do any work and failed to inform

him of his rights "including the right to have a jury decide the dollar amounts involved."

   With respect to his right to a jury trial, Thomas appears to be raising a <u>Booker</u> issue, in

that he complains that the court determined the dollar amount of the fraud involved and he was

not "informed of my right to have such facts determined by a jury".  <u>United States v.  Booker</u>,

125 S.Ct.  738 (2005).

   With respect to his due process argument, Thomas complains that the government

delayed his sentencing by a year, and during that time period he was arrested for operating a

vehicle while intoxicated, which charge allegedly caused him to have a higher criminal history

category.

   In response the government points out that in paragraph 12c of his Plea Agreement,

Thomas agreed that the court had jurisdiction and authority to impose any sentence within the

statutory maximum set for his offense.  Thomas further expressly waived his right to appeal his

sentence on any ground, on appeal or in any post-conviction proceeding.

   In his reply, Thomas claims that at the time he signed his plea agreement he did not know

that his rights were being violated, and thus the waiver should not be enforced.  Thomas appears

to be specifically referring to his ineffective assistance of counsel claim.  However, as Thomas'

claim is that his counsel failed to include certain language in the plea agreement as promised, it

is clear that Thomas would have been aware of this alleged deficiency at the time of his change

of plea hearing.  With respect to Thomas' argument that the waiver was signed "before [he] was

aware of the fact that he would be sentenced in a manner that violated his rights", the court

2

construes this as a <u>Booker</u> argument.  As noted below (and in this court's prior opinion) <u>Booker</u> is not retroactive and Thomas' sentence was not unconstitutional.  Thus the arguments raised in Thomas' reply are meritless and do not change the opinion of this court.

Since Thomas agreed to this court's jurisdiction and waived his right to challenge his sentence, his § 2255 motion must be denied.  <u>United States v.  Jemison</u>, 237 F.3d 911 (7th Cir. 2001); <u>Bridgeman v.  United States</u>, 229 F.3d 589, 591-92 (7th Cir.  2000); <u>United States v.  Williams</u>, 184 F.3d 666, 686 (7th Cir.  1999); <u>United States v.  Standiford</u>, 148 F.3d 864, 867 (7th Cir.  1998).

Furthermore, with respect to Thomas' <u>Booker</u> argument, the case law clearly establishes that <u>Booker</u> is not retroactive on collateral review. <u>McReynolds v. United States</u>, 397 F.3d 479, 2005 WL 237642 (7th Cir. Feb.2, 2005); see also <u>Green v. United States</u>, 397 F.3d 101, 2005 WL 237204, at *1 (2d Cir. Feb.2, 2005) (per curiam; <u>In re Anderson</u>, 396 F.3d 1336, 2005 WL 123923, at *3-4 (11th Cir. Jan.21, 2005). Indeed, the Seventh Circuit expressly stated in <u>McReynolds</u>: "[w]e conclude, then, that <u>Booker</u> does not apply retroactively to criminal cases that became final before its release on January 12, 2005." <u>McReynolds</u>, 397 F.3d at 481. Accordingly, as Thomas' criminal case became final before January 12, 2005, <u>Booker</u> does not apply.

<u>Conclusion</u>

On the basis of the foregoing, Thomas' § 2255 petition is hereby DENIED.

 Entered: July 20, 2005.

<u>s/ William C.  Lee</u>
William C. Lee, Judge
United States District Court
